**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |
|---|---|
| CATHY C. KUTERBACH | : |
| | : |
| v. | : |
| | :     NO. 25-CV-855 |
| BELFOR USA GROUP INC. d/b/a | : |
| BELFOR PROPERTY RESTORATION | : |
| | : |

---

**O P I N I O N**

SCOTT W. REID                                              DATE:  July 22, 2025
UNITED STATES MAGISTRATE JUDGE

In this property damage case, defendant BELFOR USA Group Inc. d/b/a BELFOR

Property Restoration ("Belfor") has moved to add Allstate Property and Casualty Insurance

Company ("Allstate") as a named plaintiff, and to strike Allstate's affidavit of ratification.  For

the reasons that follow, Belfor's motion will be granted.

I.      *Factual and Procedural Background*

On or about March 21, 2023, a house owned by Cathy Kuterbach was damaged by fire at

a time when it was vacant because it was undergoing repairs by Belfor.  *Complaint*, attached to

*Notice of Removal*, attached to Motion as Exhibit A at ¶¶ 8-14.  Allstate, Ms. Kuterbach's

insurance carrier, made payment to Ms. Kuterbach under her policy for "much of the real and

personal property losses, as well as the additional and other related expenses."  *Ratification*

*Affidavit*, attached to Motion as Exhibit B at ¶ 1.

Allstate filed a subrogation action for property damage against Belfor in the Court of

Common Pleas for Philadelphia County, alleging that Belfor was liable for the damage to Ms.

Kuterbach's property, because it failed to secure its work site.  *Complaint*, attached to Exhibit A.

As permitted under Pennsylvania Rule of Civil Procedure 2002(d), Allstate brought the action in the name of its insured, Ms. Kuterbach. *Id*.

On February 18, 2025, Belfor removed the Court of Common Pleas action to this Court. Belfor's Exhibit A. On February 25, 2025, Allstate filed an Affidavit of Ratification, representing that it was subrogated to (as above) "much of the real and personal property losses, as well as the additional and other related expenses," and agreeing to be bound by the results of the federal action, waiving any right to pursue its subrogation rights outside of the action. Belfor's Exhibit B. Belfor, however, has now moved to add Allstate to the action as a real party in interest, pursuant to Federal Rules of Civil Procedure 17(a) and 19, and to strike Allstate's Ratification.

II.    *Relevant Legal Standards*

Federal Rule of Civil Procedure 17(a)(1) states: "An action must be prosecuted in the name of the real party in interest." It then sets forth a short list of parties which are permitted to "sue in their own names without joining the person for whose benefit the action is brought," such as an executor, a guardian or a bailee. *Id*. Federal Rule of Civil Procedure 19 provides that a person is required to be joined in an action – if feasible – if in that person's absence, the court cannot accord complete relief among existing parties. These rules are based on the principle that the pleadings in a case "should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 382 (1949).

Federal Rules of Civil Procedure 17(a) and 19 have been interpreted to mean that an insurer should bring a subrogation claim in its own name, and not in the name of its subrogee. *Philadelphia Indemnity Insurance Co. v. Admiral Insurance Co. & The Ohio Casualty Ins. Co.*,

Civ. A. No. 15-3486, 2016 WL 1241865 at *8 (E.D. Pa. Mar. 30, 2016); *Green v. Daimler Benz, AG*, 157 F.R.D. 340, 341-3 (E.D. Pa. 1994).

This is despite the fact that Pennsylvania state courts specifically permit an insurance company to bring a subrogation action in the name of the insured, even when the insured has no interest in the suit, under Pennsylvania Rule 2002(d).  *Green*, *supra*, at 157 F.R.D. 341-2. (E.D. Pa. 1994).

In *Green*, defendants removed a subrogation case to federal court.  *Id*. at 341.  The defendants then filed a motion for summary judgment on the basis that the only plaintiff named, Dr. Gerald Green, was not the real party in interest.  *Id*.  While the *Green* court denied the motion for summary judgment, it substituted the insurer – "the real party in interest" – for Dr. Green as the plaintiff.  Although Pennsylvania Rule 2002(d) applied when the case was originally filed in the Court of Common Pleas, the federal court wrote:  "Under the Federal Rules, … Metropolitan must sue in its own name."  *Id*. at 343.

The *Green* decision is consistent with the doctrine set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), whereby a federal court exercising diversity jurisdiction applies state substantive law but federal procedural law.  *See King v. E.I. DuPont De Nemours and Co.*, 741 F. Supp. 699, 722 (E.D. Pa. 2010).

There has, however, been some difference of opinion as to the meaning and scope of the final part of Rule 17(a), titled "Joinder of the Real Party in Interest." It reads:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After **ratification**, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. Pr. 17(a)(3).  (Bold supplied).

Rule 17(a)(3)'s mention of "ratification" has been used to permit an insurer to avoid being named as a plaintiff by filing an affidavit agreeing to ratify the result of the action, to be bound by its results, and to waive any right to seek relief outside of the action. *See Well Built Realty Corp. v. Leviton Mfg. Co.*, Civ. A. No. 22-1265, 2025 WL 295778 (W.D. Pa. Jan. 24, 2025); *Acme Markets v. Shaffer Trucking, Inc.*, 102 F.R.D. 216, 218 (E.D. Pa. 1984); *Hancotte v. Sears, Roebuck & Co.*, 93 F.R.D. 845 (E.D. Pa. 1982). A ratification affidavit is said to alleviate the concerns addressed in Rule 17 that a defendant could face a subsequent action brought by one not a party to the first action, and to ensure that the judgment obtained through the first action will have a proper *res judicata* effect. *See Hancotte*, *supra*, at 846 *and Acme Markets*, *supra*, at 217.

III.    *Discussion*

Because Allstate is subrogated to "much of" Kuterbach's losses, it is clearly a real party in interest in this action under Fed. R. Civ. Pr. 17(a). Further, this Court cannot accord complete relief among the parties who are now named, because some as-yet unspecified percentage of any recovery will not go to Ms. Kuterbach, but to Allstate. Under Fed. R. Civ. Pr. 19, therefore, Allstate is a necessary party. Accordingly, Allstate should be named as a plaintiff in this action. *Philadelphia Indemnity Insurance Co. v. Admiral Insurance Co. & The Ohio Casualty Ins. Co.*, *supra* at *8; *Green v. Daimler Benz, supra*.

Allstate argues that it still has a right to sue in Kuterbach's name under Pennsylvania Rule of Civil Procedure 2002(d) in this Court, despite the fact that it is a state procedural rule, because it is "unique": "It creates a right: the right of subrogating insurers in Pennsylvania Courts to avoid the insurance bias from which [Plaintiffs] are protected." *Response* at unpaginated ECF page 7/12. Yet, Allstate cites no evidence that Pennsylvania Rule of Civil

Procedure 2002(d) has ever been recognized as substantive law, and this Court is aware of no such authority. Instead, it is a procedural rule, and cannot be applied in federal court. *See Green*, *supra*.

In any event, whether a state rule is substantive or procedural, the Court of Appeals for the Third Circuit has specifically decided that the *Erie* doctrine cannot be used to avoid a Federal Rule of Civil Procedure, even when this affects the outcome of a case:

> [I]if there is a direct collision (i.e., if the state law and Federal Rule answer the same question), and the Federal Rule is "constitutional and within the scope of the Rules Enabling Act" (the statute authorizing the creation of the Federal Rules of Civil Procedure), then the Court must apply the Federal Rule – the Court may not engage in the outcome determinative test … .

*Salaam v. Trump*, Civ. A. No. 24-5560, 2025 WL 1789648 at *3 (E.D. Pa. June 27, 2025), *citing Chamberlain v. Giampapa*, 210 F.3d 154, 159 (3d Cir. 2000). There is a direct collision between Pennsylvania Rule 2002(d) and Federal Rules 17(a) and 19. Given this authority, Allstate's argument for the exceptionality of Pennsylvania Rule 2002(d) cannot succeed.

Allstate also argues that because it is an insurance company, it would be prejudiced or suffer bias if named as a plaintiff in this action. *Plaintiff's Response* at 7-10. As noted above, courts in this circuit have cited this issue in support of permitting an insurance company to file a ratification affidavit rather than be named as a plaintiff. In *Acme Markets*, *supra*, the Honorable Charles Weiner denied a defendant's motion to join a subrogated insurance company which had executed a ratification affidavit, quoting *White Hall Building Corp. v. Profexray, Division of Litton Industries, Inc.*, 387 F. Supp. 1202, 1206 (E.D. Pa. 1974): "The law recognizes that the presence of an insurance company on either side of a case may affect a jury's decision on the merits." 102 F.R.D. at 218. Judge Weiner added: "In all candor, this court can discern no reason for [defendant]'s motion to join the insurance companies here other than to gain the possible

advantage at trial which the presence of insurance companies on the plaintiff's side might lend."

*Id*.; *see*, *also*, *Stouffer Corp. v. Dow Chem. Co.*, 88 F.R.D. 336, 338 (E.D. Pa. 1980) (finding a

ratification agreement sufficient because "there is a substantial risk of prejudice to an insurer

which is forced to join as a plaintiff, as the presence of an insurer may affect a jury's decision on

the merits").

It seems fairer to say that both parties argue the ratification issue from a strategic

viewpoint.  One commentator writes:

> Conventional wisdom that juries are prejudiced against insurance companies encourages
> plaintiffs to present claims in the name of the insured alone.  Conversely, when insurers
> have an interest in the claim asserted, defendants demand that the insurer be named as a
> party plaintiff.

June F. Entman, *More Reasons for Abolishing Federal Rule of Civil Procedure 17(a):  The*

*Problem of the Proper Plaintiff and Insurance Subrogation*, 68 N.C.L. Rev. 893, 895 (1990).

As much as there are reasons for letting Allstate avoid joinder, there are also substantial

reasons for joining it.  One reason is simply that the plain language of Rules 17(a) and 19

requires that Allstate be named.  Rule 17(a)(1)'s list of parties who may sue "without joining the

person for whose benefit the action is brought" does not include a subrogee insured like Ms.

Kuterbach.

Further, it has been noted that rule 17(a)(3), in which the word "ratification" is used, was

not drafted for the purpose of protecting insurance companies.  Instead, the 1966 advisory

committee note states:

> This provision keeps pace with the law as it is actually developing.  Modern decisions are
> inclined to be lenient when an honest mistake has been made in choosing the party in
> whose name the action is to be filed … The provision should not be misunderstood or
> distorted.  **It is intended to prevent forfeiture when determination of the proper**
> **party to sue is difficult or when an understandable mistake has been made.**

Fed. R. Civ. P. 17, 1966 Advisory Committee Note.  (Emphasis supplied).

Accordingly, a well-known treatise states that Rule 17(a)(3) "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the parties in whose name the action should be brought". 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1555 (1990). The Wright treatise continues: "Thus, it has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable … ." *Id*.; *and see Gatto v. McMillan*, Civ. A. No. 96-2910, 1996 WL 648859 at *3 (E.D. Pa. Nov. 8, 1996) (citing this language and writing "Gatto may not be entitled to utilize Rule 17(a) at all if there was no doubt as to who the real party in interest was").

A case from the District of Massachusetts, *Agri-Mark, Inc. v. Niro, Inc.*, 190 F.R.D. 293 (D. Mass. 2000), provides an excellent discussion of this issue. *Agri-Mark* concerned facts similar to those presented here, where a defendant moved for joinder of a subrogated insurance company, while the insurance company maintained that the ratification affidavit it had filed was sufficient to protect the plaintiff. The court granted the defendant's motion to join the insurance company, quoting Wright's *Federal Practice and Procedure* regarding the purpose of Rule 17(a)(3), and writing:

> Here, Niro [the defendant] argues, no such mistakes are present. Accordingly, ratification is not necessary to avoid the harshness of dismissal late in a case. Ratification, Niro maintains, "should not be a vehicle by which a real party in interest may strategically circumvent joinder." The court agrees.

190 F.R.D. at 296.

The *Agri-Mark* judge quoted extensively from the journal article by Professor Entman cited above: "[D]ecisions 'allowing parties to use the ratification device deliberately to avoid naming an insurance company as a plaintiff are inconsistent with the expressed legislative intent

that the 1966 amendment [adding the last sentence to rule 17(a)] be available only in cases of mistake.'"  190 F.R.D. 296, *quoting* 68 N.C.L. Rev. 893 at 907-8.

In this case, neither party argues that the naming of Cathy Kuterbach as a plaintiff instead of Allstate was the result of mistake.  As in *Agri-Mark*, it was for the purpose of "strategically circumventing joinder."  190 F.R.D. at 296.  This is not a pejorative observation, since this is exactly what is permitted by Pennsylvania Rule 2002(d).  However, the case is now in federal court.

The *Agri-Mark* judge also agreed with Professor Entman that the use of Rule 17(a)(3) to permit ratification by an insurer was not only unanticipated by the drafters of the rule, but inconsistent with the intent of the rule's drafters:

> What apparently passed unnoticed [when the amendment to Rule 17(a) was made] was that the provision for ratification, as an alternative to joinder or substitution, introduced into the rule a practice that was fundamentally at odds with the rule's basic proposition that every action shall be prosecuted in the name of the real party in interest.  The practice of ratification reintroduces "use" or practice – suit in the name of a nominal party for the use or benefit of the person who actually controls the litigation, and who even may be the only one to benefit from it.  This was the very practice, however, that the real party in interest rule was intended to abolish.

*Id*., *citing* 68 N.C.L. Rev. at 906-7.

According to the *Agri-Mark* judge, a significant difficulty with permitting ratification in place of joinder is its undefined nature, which in *Agri-Mark* had caused confusion as to what entity would produce discovery.  Again, the judge quoted Professor Entman:

> The sole authority for ratification is the single word included in the 1966 edition to rule 17(a).  Nothing in the rule itself or in its legislative history explains the scope of ratification.  Neither the rule nor the advisory committee's note addresses questions such as who controls the action and has settlement authority; to what the ratifier must agree, when, and in what form; and to what liability such as expenses, costs, attorney's fees, and burdens of discovery the ratifier is subject.

*Id.,* citing 68 N.C.L. Rev. at 894.

Quoting another article by Professor Entman, this time on joinder under Rule 19, the *Agri-Mark* judge went on to write: "Moreover, the court has a significant interest in avoiding disputes about the scope of ratification, its effect on other procedural matters, *res judicata*, costs, sanctions, and the existence or non-existence of diversity jurisdiction." *Id*. at 297, *citing* June F. Entman, *Compulsory Joinder of Compensating Insurers: Federal Rule of Procedure 19 and the Role of Substantive Law*, 45 Cas W. Res. L. Rev. 1, 17 (1994).

Professor Entman acknowledged that a jury may be prejudiced against an insurance company as a plaintiff. She wrote, however:

> Concerns about juries' prejudicial reactions to insurance company plaintiffs should be addressed as problems of trial procedure and evidence, not as problems of 'the real party in interest.' Such concerns should not be allowed to interfere with the policies that are enforced by requiring the naming of proper plaintiffs.

68 N.C.L. Rev. at 950. She added in a footnote: "Joinder of an insurer as a party plaintiff does not necessarily mean that the jury must be informed of the presence of the insurer as a claimant." *Id*. at n. 395. The *Agri-Mark* judge again agreed with Professor Entman, writing that "Travelers' joinder does not necessarily mean that the jury must or will be informed of its presence at the time of trial," but concluding: "For the moment, however, the question of prejudice need not be addressed." 190 F.R.D. at 297.

Thus, the *Agri-Mark* judge, and his presiding genius of insurance law, Professor Entman, have raised salient and convincing arguments. I am persuaded that disengaging the word "ratification" from its original context for the strategic purpose of benefitting a specific class of plaintiffs has the potential to create more complication than it avoids.

Beyond that, the United States Supreme Court in *United States v. Aetna*, *supra*, instructed that the pleadings in a case should "reveal and assert the actual interest of the plaintiff and indicate the interests of any others in the claim." Like the *Philadelphia Insurance Co.* and the

9

*Green* courts, I conclude that Federal Rules of Civil Procedure 17(a) and 19 are consistent with that principle, and require that a subrogated insurer be named as a plaintiff.  The question of jury bias can be treated as an evidentiary issue.

IV.     *Conclusion*

For the reasons set forth above, I will grant the motion of BELFOR USA Group Inc. d/b/a BELFOR Property Restoration to add Allstate Property and Casualty Insurance Company as The Real Party in Interest Pursuant to Fed. R. Civ. Pr. 17(a) and 19, and to Strike Plaintiff's Ratification.


BY THE COURT:


*/s/ Scott W. Reid*


_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE