IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CATHY C. KUTERBACH, et al. | : | |
| Plaintiffs | : | : |
| | : | |
| v. | : | |
| | : | |
| BELFOR USA GROUP INC. d/b/a | : | |
| BELFOR PROPERTY RESTORATION | : | |
| and PROGREEN MANAGEMENT, LLC. | : | |
| Defendants | : | |
| | : | NO. 25-CV-855 SWR |
| | : | |
| PROGREEN MANAGEMENT, LLC | : | |
| Third-Party Plaintiff | : | |
| v. | : | |
| | : | |
| TRI-STATE WASTE & RECYCLING, INC. | : | |
| and UNITED SITE SERVICES, INC. | : | |
| Third-Party Defendants | : | |

**O P I N I O N**

SCOTT W. REID                                                                        DATE:  July 23, 2025
UNITED STATES MAGISTRATE JUDGE

Third-party defendant Tri-State Waste & Recycling, Inc. ("Tri-State"), has moved to dismiss the claim of sole liability to Plaintiffs brought against it by third-party plaintiff ProGreen Management, LLC ("ProGreen"), and for a more definite statement as to the other claims asserted against it by ProGreen.  As set forth below, Tri-State's motion will be granted.

I.      *Factual and Procedural Background*

Cathy C. Kuterbach and Allstate Property and Casualty Insurance Company (collectively "Kuterbach") have sued BELFOR USA Group Inc. d/b/a BELFOR Property Restoration ("Belfor") to recover for damages incurred when a house belonging to Kuterbach caught fire at a time when it was vacant because it was undergoing repairs by Belfor.  On March 20, 2025,

Plaintiffs filed an amended complaint which also named as a defendant ProGreen, which is alleged to have been hired by Belfor to place on Kuterbach's property a portable toilet, where the fire is believed to have begun. *Amended Complaint* at ¶¶ 12-15.

ProGreen filed a third-party complaint on May 15, 2025. In it, ProGreen named two third-party defendants, one of which was Tri-State. *Third-Party Complaint* at ¶ 5. ProGreen alleged:

> The damages complained of by Plaintiff Kuterbach was caused in whole or in part by the negligence of Third Party Defendants who are alone liable to Plaintiff Kuterbach or liable over to Defendant/Third Party Plaintiff ProGreen by way of contribution and indemnity under the laws of the Commonwealth of Pennsylvania.
>
> Furthermore, if Plaintiff Kuterbach's damages are proven and, despite the lack of liability on its own part, ProGreen is compelled to pay any damages to Plaintiff Kuterbach as a result of the incident described in her First Amended Complaint, ProGreen asserts its right to contribution and common law indemnification from these Third-Party Defendants.

*Id*. at ¶¶ 9-10.

Kuterbach then filed a second amended complaint naming Tri-State as an additional defendant, alleging that Tri-State had rented Belfor a dumpster, where the fire could alternatively have started. *Second Amended Complaint* at ¶ 7. On July 1, 2025, however, Kuterbach stipulated to dismiss with prejudice its claims against Tri-State. Therefore, Tri-State is now in this case solely as a third-party defendant in the third-party complaint filed by ProGreen.

In its motion, Tri-State seeks to dismiss ProGreen's claim that it is "alone liable to Plaintiff Kuterbach" under Fed. R. Civ. Pr. 14(a), and as untimely under Pennsylvania's two-year statute of limitations. It also seeks a more definite statement alleging facts forming the basis for ProGreen's claims against it for negligence, contribution, and indemnification.

II.   *Discussion*

    A.   *Fed. R. Civ. Pr. 14(a)*

Federal Rule of Civil Procedure 14 governs third-party practice. In subsection (a)(1), entitled "Timing of the Summons and Complaint," it states: "A defendant party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

A case decided in the District of New Jersey provides a helpful summary of the law regarding Rule 14(a), explaining why ProGreen is not entitled to name Tri-State as a third-party defendant on the basis that it is "alone liable" to the Plaintiffs:

> A third-party claim may be asserted "only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting 6 Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1446, at 355-58 (1990). In other words, "[a] third-party claim under Rule 14 can be maintained only if the liability asserted is in some way derivative of the main claim." *Chao v. New Jersey Licensed Beverage Ass'n, Inc.*, 461 F. Spp.2d 303, 306 (D.N.J. 2006) (quoting *PPV Connection, Inc. v. Rodriguez*, 228 F.R.D. 99, 101 (D.P.R. 2005)). A third-party defendant "cannot be joined simply because that party may be solely liable to plaintiff." *Id*. (quoting *PPV Connections Inc.*, 228 F.R.D. at 101).

*Estevez v. Kingstone Ins. Co.*, Civ. A. No. 22-5391 (JKS) (JRA), 2024 WL 4250556 at *2-3 (D.N.J. Aug. 8, 2024).]

Thus, "[A] third party claim is not appropriate where the defendant and putative third-party plaintiff says, in effect, 'It was him, not me.'" *Id*., quoting *Chao*, supra, at 306-7; *see, also, Barker v. Hostetter*, Civ. A. No. 13-5081, 2014 WL 6070757 at *6 (E.D. Pa. Nov. 13, 2014), quoting *Hellauer v. Nafco Holding Co., LLC*, Civ. A. No. 97-4423, 1998 WL 352285 at *2 (E.D. Pa. June 11, 1998) ("A defendant/third-party plaintiff may not join a person who is or may be liable solely to plaintiff"); *Morris v. Lenihan*, 192 F.R.D. 484, 488 (E.D. Pa. 2000) (also quoting *Hellauer*).

3

If ProGreen wishes to claim that Tri-State was solely responsible for Plaintiffs' damages, it may raise that as a defense in its answer. *Toberman v. Copas*, 800 F. Supp. 1239, 1242 (M.D. Pa. Sep. 30, 1992). However, "a theory that another party is the correct defendant is not appropriate for a third-party complaint." *Id*. Clearly, under Fed. R. Civ. Pr. 14(a), ProGreen's claim that Tri-State is "alone liable" to Plaintiffs must be dismissed.

        B.       *The Pennsylvania Statute of Limitations*

Because ProGreen is precluded by Fed. R. Civ. Pr. 14(a) from arguing that Tri-State is "alone liable" to Plaintiffs, it is not necessary to discuss whether the claim would be timely, if it could be brought. Nevertheless, I note that, under Pennsylvania law, the statute of limitation in this case expired on March 21, 2025, two years after the fire at issue. 42 Pa. C.S. §5524. ProGreen's Third-Party Complaint was filed nearly two months later, on May 15, 2025.

        C.       *Tri-State is Entitled to a More Definite Statement of Facts*

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." As set forth above, ProGreen's Third Party Complaint accuses Tri-State of negligence, and alleges that Tri-State is liable to ProGreen for contribution and indemnification. However, it does not set forth a factual framework for its claims. It does not explain how Tri-State is supposed to have been negligent, or what relationship between ProGreen and Tri-State would allow for contribution or indemnification.

4

Similarly, in *Toberman v. Copas*, *supra*, "there [was] no allegation in the third-party complaint that Third Party Defendants stand in a joint tortfeasor relationship to Third Party Plaintiff, or that there [was] any relationship of contribution or indemnity, which would trigger secondary liability under Pennsylvania law." 800 F. Supp. 1239, 1242-3 (M.D. Pa. 1992). The District Court for the Middle District of Pennsylvania also wrote:

> Furthermore, the third party complaint fails to give Third Party Defendants fair notice of the grounds upon which the complaint rests. At present, the complaint is hardly more than a bare averment of liablity; nowhere do any allegations appear to indicate just what Third-Party Defendants did, or how Third-Party Defendants fit in with Plaintiffs' complaint in the case-in-chief [.]

*Id*. The third-party plaintiff was accordingly directed to amend the third-party complaint. *Id*.

ProGreen argues that its third-party complaint was adequate, because, unlike in *Toberman*, "Plaintiff's First Amended Complaint alleges the fire originated at or near an unsecured portable toilet at the property, which was placed by ProGreen and potentially other contractors." *Response* at unpaginated ECF 5/7. However, the Plaintiffs' pleadings are not incorporated into ProGreen's Third-Party Complaint. Further, Kuterbach's Second Amended Complaint alleges that Tri-State provided a dumpster, not a portable toilet, so Tri-State's connection to the facts of this case is by no means clear.

Most importantly, the issue here is not what Plaintiffs have included in their Complaint, but what ProGreen has alleged. Its Third-Party Complaint is essentially the "bare averment of liability" criticized in *Toberman*. The allegations are not sufficient to reasonably permit Tri-State to prepare a response. Accordingly, Tri-State is entitled to a more definite statement under Fed. R. Civ. Pr. 12(e).

III.     *Conclusion*

For the reasons set forth above, Tri-State's Motion to Dismiss Third Party Plaintiff, ProGreen Management, LLC's Claims of Sole Liability to Plaintiff, and For a More Definite Statement as to All Other Claims Asserted by ProGreen Management, LLC, will be granted.


BY THE COURT:


*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE